# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD M. SUPINSKI,** | CONSOLIDATED ACTION |
| Plaintiff, | Nos. 3:06-cv-00793 and 3:08-cv-00371 |
| v. | (Judge A. Richard Caputo) |
| **UNITED PARCEL SERVICE, INC.,** | *Electronic filing* |
| Defendant. | |

## ORDER

AND NOW, this _____ day of _____, 2011, upon consideration of UPS' Motion In Limine to Exclude the Testimony of Ten Witnesses Not Disclosed By Plaintiff Prior to Filing His Pretrial Memorandum, Brief in Support thereof, and any response thereto, IT IS HEREBY ORDERED that the Motion is GRANTED and:

- Plaintiff is prohibited from calling the following witnesses at trial: Thomas Ruane, Ned Jones, Mark Zander, Nina Matzoni, Mike Prevish, Paul Kmieck, Bill Langan, Pat Smith, Jeanette Supinski, and Tatiana Supinski.

_____

J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

_____

**EDWARD M. SUPINSKI,**

    **Plaintiff,**

  **v.**

**UNITED PARCEL SERVICE, INC.,**

    **Defendant.**

_____

**CONSOLIDATED ACTION**
**Nos. 3:06-cv-00793 and**
**3:08-cv-00371**

(Judge A. Richard Caputo)

*Electronic filing*

**DEFENDANT UPS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF TEN WITNESSES NOT DISCLOSED BY PLAINTIFF PRIOR TO FILING HIS PRETRIAL MEMORANDUM**

Defendant United Parcel Service, Inc. ("UPS") hereby files this Motion In Limine to preclude Plaintiff from introducing at trial ten (10) witnesses not disclosed pursuant to Federal Rules of Civ. P. 26(a) and 26(e), and not included in Plaintiff's Responses to UPS' Interrogatories.

1.  In his Pretrial Memorandum,[1] filed July 20, 2009 (ECF No. 87), Plaintiff includes the names of eighteen (18) potential witnesses which Plaintiff may call to testify at trial. These witnesses are identified as: Plaintiff, Elizabeth Foley, Daniel Jones, Nicholas Coyer, Dr. Hennigan, Michael Boland, Robert Oakes, Thomas Ruane, Steven Loss, Ned Jones, Mark Zander, Nina Matzoni, Mike

---

[1] Plaintiff's only Pretrial Memorandum is titled "Amended" Pretrial Memorandum.

Prevish, Paul Kmieck, Bill Langan, Pat Smith, and Jeanette Supinski.  (*See* Exhibit A, Plaintiff's Amended Pretrial Memorandum).

2. Prior to Plaintiff filing his Pretrial Memorandum, only nine (9) of these eighteen witnesses had been identified by either party: Plaintiff, Frank Kirby, Daniel Jones, Dr. Hennigan, Robert Oakes, Michael Boland, Steven Loss, Elizabeth Foley, and Nicholas Coyer.

3. <u>Nine</u> (9) of Plaintiff's eighteen witness in the Pretrial Memorandum, however, were <u>never</u> disclosed in Plaintiff's Rule 26(a) disclosures, or Plaintiff's Reponses to UPS' Interrogatories or Requests for Production of Documents.  (*See* Exhibit B, Plaintiff's witnesses identified in Joint Case Management Plan; Exhibit C, Plaintiff's Responses to Interrogatories).  These nine undisclosed witnesses are not a part of the record in this case and are unknown to UPS as having any information about this case.

4. Moreover, after Plaintiff filed the Pretrial Memorandum, Plaintiff faxed counsel for UPS a letter on August 14, 2009, stating that counsel also intended to call Tatiana Supinski, Plaintiff's daughter, as a witness at trial. See Letter, Aug. 14, 2009, Exhibit D.

5. The complete list of ten undisclosed witnesses is: Thomas Ruane, Ned Jones, Mark Zander, Nina Matzoni, Mike Prevish, Paul Kmieck, Bill Langan, Pat

Smith, and Jeanette Supinski, and Tatiana Supinski (collectively, the "Undisclosed Witnesses").

6. Federal Rule of Civ. P. 37(c)(1) states that "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or harmless."

7. Pursuant to Federal Rule of Civ. P. 37(c)(1), Plaintiff should be precluded from offering the ten Undisclosed Witnesses because (1) Plaintiff has no justification for failing to disclose the Undisclosed Witnesses prior to filing his Pretrial Memorandum, and (2) Plaintiff's failure to disclose the Undisclosed Witnesses was not harmless, but instead, will result in extreme prejudice to UPS that cannot be cured.

8. Solely in the alternative, Defendant seeks an Order from the Court requiring Plaintiff to state in writing a proffer regarding the subject matter of the Undisclosed Witnesses' testimony.

9. Plaintiff incorporates by reference the contents of its Memorandum of Law In Support of Its Motion in Limine.

WHEREFORE, Defendant United Parcel Service, Inc. hereby respectfully requests that the Court grant its Motion In Limine in its entirety and prohibit

Thomas Ruane, Ned Jones, Mark Zander, Nina Matzoni, Mike Prevish, Paul Kmieck, Bill Langan, Pat Smith, Jeanette Supinski, and Tatiana Supinski from testifying at trial.

          Respectfully,

          REED SMITH LLP

          By: s/Kimberly M. Kaplan_____
              Kimberly M. Kaplan
              Shannon E. McClure
              Miriam S. Edelstein
              2500 One Liberty Place
              1650 Market Street
              Philadelphia, PA 19103
              Attorneys for Defendant
              United Parcel Service, Inc.

Dated: September 28, 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EDWARD M. SUPINSKI,**  <br>    **Plaintiff,**  <br>  v.  <br> **UNITED PARCEL SERVICE, INC.,**  <br>    **Defendant.** | **CONSOLIDATED ACTION Nos. 3:06-cv-00793 and 3:08-cv-00371**  <br> (Judge A. Richard Caputo)  <br> *Electronic filing* |

**CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE**

Plaintiff does not concur in this motion per correspondence received from his counsel by the undersigned on September 28, 2011.

　　　　　　　　　　　　　　　　　　/s/ *Miriam S. Edelstein*
　　　　　　　　　　　　　　　　　　Miriam S. Edelstein

Dated: September 28, 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

_____

**EDWARD M. SUPINSKI,**

    **Plaintiff,**

    **v.**

**UNITED PARCEL SERVICE, INC.,**

    **Defendant.**

_____

**CONSOLIDATED ACTION
Nos. 3:06-cv-00793 and
3:08-cv-00371**

(Judge A. Richard Caputo)

*Electronic filing*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September, 2011, I caused a true and correct copy of the foregoing UPS' Motion In Limine to Exclude the Testimony of Ten Witnesses Not Disclosed By Plaintiff Prior to Filing His Pretrial Memorandum and attendant documents to be served *via* ECF upon the following:

Cynthia L. Pollick, Esq.
The Employment Law Firm
363 Laurel Street
Pittston, Pennsylvania 18640

/s/ Miriam S. Edelstein
Miriam S. Edelstein