**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD M. SUPINSKI, | |
| Plaintiff, | CASE NO. 3:06-cv-00793 |
| v. | (JUDGE CAPUTO) |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is Plaintiff Edward Supinski's Motion for Contempt. Because Defendant United Parcel Service, Inc. ("UPS") took reasonable steps to comply with the Court's order, and there are doubts as to the wrongfulness of its conduct, the motion will be denied.

### **I. Background**

On February 17, 2012, a jury found that UPS failed to accommodate Mr. Supinski and retaliated against him in violation of the ADA and PHRA. At the conclusion of trial, I orally ordered that "UPS shall restore Mr. Supinski to a position where he will have the salary, benefits and pension contributions that he would have had had the conduct of UPS not occurred. Moreover, UPS shall make contributions to the pension plan sufficient to restore Mr. Supinski's rights where they would have been had he not been subjected to UPS's conduct." The jury gave an advisory verdict on back pay. On March 6, 2012, I issued an order reducing the jury's back pay award. On that same day, judgment was entered for the first time in favor of Mr. Supinski and against UPS.

Mr. Supinski filed his motion for contempt on March 2, 2012, seeking $1000 per day as sanctions. Mr. Supinski argued that UPS had not yet reinstated Mr. Supinski, nor had it contacted him. In his reply brief, he argued that UPS had failed to restore his pension.

UPS's counsel contacted Mr. Supinski's counsel on March 9 to discuss his reinstatement, sending a follow-up letter on March 16 instructing Mr. Supinski about the details of when he would start. On March 19, 2012, UPS filed a motion to stay the order regarding restoration of Mr. Supinski's pension.

On March 20, 2012, Mr. Supinski began a two-week paid training period for the feeder driver position at UPS. He was scheduled to take the qualifying exam for the position, but shortly after beginning training, Mr. Supinski bid on and obtained a combination car washer/customer sort position. He began paid training for that position on April 10, 2012.

The motion has been fully briefed and is ripe for disposition. A hearing on the motion was held on April 24, 2012. At the hearing, Mr. Supinski argued that UPS had failed to provide him with his vacation pay, sick days, and personal days. He further claimed that UPS had retaliated against him by interfering with his bid on the combination position.

## II. Legal Standard

A district court may, within its discretion, impose sanctions for civil contempt. *Elkin v. Fauver*, 969 F.2d 48, 52 (3d Cir. 1992) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303 (1947); *Roe v. Operation Rescue*, 919 F.2d 857, 871 (3d Cir. 1990)). The purposes of civil contempt sanctions are: "(1) to coerce compliance with the Order; and (2) to compensate for losses sustained by the opposing party due to the disobedience." *Marshak v. Treadwell*, 595 F.3d 478, 494 (3d Cir. 2009). A compensatory sanction may not

2

exceed the actual loss suffered by the party wronged. *Elkin*, 969 F.2d at 52.

"A plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Marshak*, 595 F.3d at 485. However, a motion for contempt should not be granted where "there is ground to doubt the wrongfulness of the defendant's conduct," *Harris v. City of Phila.*, 47 F.3d 1342, 1350 (3d Cir. 1995) (internal quotations omitted) (quoting *Quinter v. Volkswagen of Am.*, 676 F.2d 969, 974 (3d Cir. 1982)), or the defendant "took all reasonable steps to comply," *id.* at 1324. Any "ambiguities must be resolved in favor of the party charged with contempt." *John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (citing *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994)).

### III. Discussion

The first two elements of the civil contempt test are easily satisfied here. I gave a valid order on February 17, 2012. Because UPS was present when the order was given, it had knowledge of the order.

UPS claims that it did not disobey the order because it was not obligated to comply with the order until March 20, 2012, by which time Mr. Supinski had been reinstated. Under Federal Rule of Civil Procedure 58, "[e]very judgment and amended judgment[1] must be set out in a separate document." Based on this rule, UPS claims that there was no order with which to comply until the judgment was separately entered on March 6, 2012. As Federal

---

[1] Rule 58 contains several exceptions that are not applicable here.

Rule of Civil Procedure 62(a) provides for an automatic fourteen-day stay of execution and enforcement of judgments, UPS argues that the order was not enforceable until March 20. Mr. Supinski responds that Rules 58 and 60 do not control here because they are applicable only to judgments, not equitable orders. Neither party cites to any cases in support of its position; it does not appear that any courts have addressed the matter.

But the plain language of the Rules 58 and 68 indicate that they do not apply to the February 17 order, and so UPS was immediately obligated to comply with it. Both Rule 58 and 68 apply only to "judgments." Federal Rule of Civil Procedure 54(a) defines the term "judgment" as used in the rules to include "a decree and any order from which an appeal lies." An appellate court may review any decision which is "final," 28 U.S.C. § 1291, meaning that it terminates all claims against all parties, *see Carter v. City of Phila.*, 181 F.3d 339, 343 (3d Cir. 1999). At the time the oral order was given, the final determination of Mr. Supinski's claim for back pay was outstanding. Because the oral order did not terminate all claims in the case, it was not final and thus not yet subject to appeal. Therefore, it did not qualify as a "judgment" for the purposes of Rule 58 or 68–meaning did not need to be set out in a separate document and was immediately enforceable against UPS. For these reasons, UPS violated the order by not taking any reasonable steps to ensure Mr. Supinski was reinstated at that time.

Although UPS violated the order, a finding of contempt is not appropriate because there are doubts as to the wrongfulness of its conduct. Though its legal theory as to Rule 58 and 68 was unsupported by precedent, there is no evidence that the argument was made in bad faith. Richard Toth, UPS's Area Human Resources Manager, testified that UPS believed that it was fully complying with the order by reinstating Mr. Supinski on March

4

20 and waiting to restore the pension until there was a ruling on the motion to stay. Because Mr. Supinski did not prove by clear and convincing evidence that UPS's conduct was wrongful, his motion must be denied.

Further, the evidence suggests that UPS took reasonable steps to comply with the order. A remedy like reinstatement will rarely be accomplished overnight, especially at a large employer with a unionized work force such as UPS. UPS's Area Human Resources Manager, Richard Toth, testified that UPS began discussing how to implement the reinstatement order the same evening the order was given. And there is no doubt that by March 20, 2012, Mr. Supinski had returned to work. Mr. Supinski claims that his training on March 20 did not constitute a full reinstatement because it was "probationary." But during his training, UPS paid him the current wage for his previously held position. This constitutes substantial compliance. Mr. Supinski also argues that he has not received all of his vacation and paid days off, and that UPS delayed in giving him the credits he has received. The testimony of UPS Labor Relations Manager Wayne Foulke, however, suggests that UPS properly calculated Mr. Supinski's credits and any delay was inadvertent–and could likely have been easily fixed by communication between Mr. Supinski and his direct supervisors. Because of these reasonable steps to comply with the order, UPS cannot be held in contempt.

Mr. Supinski's argument that UPS retaliated against him by interfering with his job bid is a separate claim that is irrelevant to the allegations of contempt at issue here. Further, Mr. Toth and Mr. Foulke testified that UPS had made exceptions to its general rules regarding payment of trainees and vacation credits for employees who spent more than one year on worker's compensation. This suggests that UPS has in fact given Mr. Supinski

5

favorable treatment since his return. Regardless, Mr. Supinski's allegations of retaliation after his reinstatement do not provide clear and convincing evidence that UPS wrongfully failed to comply with the February 17 order.

## IV. Conclusion

For the reasons stated above, Mr. Supinski's motion for contempt will be denied. An appropriate order follows.

 April 30, 2012   /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge