**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD M. SUPINSKI, | |
| Plaintiff, | CASE NO. 3:06-CV-00793 |
| v. | (JUDGE CAPUTO) |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is the Motion to Stay Judgment by Defendant United Parcel Service, Inc. ("UPS"). Because UPS failed to meet its burden of demonstrating circumstances that would necessitate a stay, the motion will be denied.

### **I. Background**

On February 17, 2012, a jury found that UPS failed to accommodate Mr. Supinski and retaliated against him in violation of the Americans with Disabilities Act ("ADA") and Pennsylvania Human Relations Act ("PHRA"). The jury awarded Mr. Supinski $280,000 in compensatory damages. UPS was ordered to reinstate Mr. Supinski, restore his pension to what it would have been if not for its conduct, and to provide him with back pay in the amount of $342,798.40. UPS reinstated Mr. Supinski on March 20, 2012, and it credited his pension account with $128,809.94 on May 3, 2012.

UPS filed the instant motion to stay on March 19, 2012. It seeks an order staying enforcement of the judgment against it pending the resolution of post-trial motions and any appeal. UPS has offered to post a bond for $886,454.25, representing its calculation of the

total of the judgment amount, two years of post-judgment interest, and the pre-interest judgment sought by Mr. Supinski.[1] The motion has been fully briefed and is ripe for consideration.

## II. Legal Standard

In deciding a motion to stay, "a court considers four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). A stay "is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433 (quoting *Va. Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). Rather, it is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case." *Id.* at 433 (quoting *Va. Ry. Co.*, 272 U.S. at 672-73). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

## III. Discussion

UPS's motion for a stay will be denied because UPS has not shown the need for a stay. Neither UPS's motion nor its brief address any of the four factors governing whether a stay is appropriate. Further, without attempting to speculate as to all of the factors, it appears that the factors regarding irreparable injury and the public interest weigh against granting a stay. First, UPS will not be irreparably injured absent the stay of judgment. Its

---

[1] UPS miscalculated the total judgment amount as $662,798.40; the proper amount is $622,798.40.

only injury would be pecuniary, and this does not constitute an irreparable injury. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000) ("The irreparable harm requirement is met if a [party] demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages."). Second, the public interest lies in favor of a prompt payment of the judgment to Mr. Supinski. "It is clearly in the interest of the public to enforce the mandate of Congress under the Americans with Disabilities Act." *Kathleen S. v. Dep't of Pub. Welfare of Pa.*, 10 F. Supp. 2d. 476, 481 (E.D. Pa. 1998). Enforcing Congress's mandate under the ADA requires the enforcement of judgments against employers found by a jury to have violated the ADA. Thus, because UPS failed to meet its burden of showing that the circumstances justify a stay, its motion will be denied.

## IV. Conclusion

For the reasons stated above, UPS's motion to stay judgment will be denied. An appropriate order follows.

| | |
|---|---|
| May 9, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

3