# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD M. SUPINSKI, | |
| Plaintiff, | CASE NO. 3:06-CV-00793 |
| v. | (JUDGE CAPUTO) |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is the Motion for Relief from an Order Pursuant to Rule 60(b) by Defendant United Parcel Service, Inc. ("UPS"). Because UPS has not shown extraordinary circumstances meriting relief from the order, its motion will be denied.

## I. Background

On February 17, 2012, a jury found that UPS failed to accommodate and retaliated against Plaintiff Edward Supinski in violation of the Americans with Disabilities Act ("ADA") and Pennsylvania Human Relations Act ("PHRA"). The jury awarded Mr. Supinski $280,000 in compensatory damages. UPS was ordered to reinstate Mr. Supinski, restore his pension to what it would have been if not for its conduct, and to provide him with back pay in the amount of $342,798.40. UPS reinstated Mr. Supinski on March 20, 2012, and it credited his pension account with $128,809.94 on May 3, 2012.

On March 19, 2012, UPS filed a motion to stay the money judgment pending the resolution of post-trial motions and any appeal. It offered to post a bond for the judgment amount and interest. The motion to stay was denied on May 9, 2012.

On May 11, 2012, UPS filed the instant motion for relief from the order denying the stay and submitted its proposed bond. The motion has been fully briefed and is ripe for disposition.

## II. Legal Standard

UPS brings its motion for relief from an order pursuant to Federal Rule of Civil Procedure 60(b)(6).[1] That rule states that "the court may relieve a party . . . from a final judgment, order, or proceeding" for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Third Circuit Court of Appeals has noted that "extraordinary circumstances must be present to justify the use of the Rule 60(b)(6) catch-all provision." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008) (internal quotations omitted). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Id.* at 255 (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)). Based on this standard, "[t]he movant under Rule 60(b) 'bears a heavy burden.'" *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (quoting *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967)).

## III. Discussion

UPS's motion for relief from the order denying the stay must be denied. UPS has failed to assert any extraordinary circumstances that would necessitate relief from the judgment. It has not alleged any specific hardship that it would face absent relief, let alone

---

[1] Mr. Supinski argues that UPS cannot use a Rule 60 motion to object to the order denying the stay, claiming instead that it should have filed a motion for reconsideration pursuant to Rule 59(e). However, as the Third Circuit Court of Appeals has noted that Rule 60(b) and Rule 59(e) are "substantively interchangeable" mechanisms for relief from judgment, *see Walker v. Astrue*, 593 F.3d 274, 279 (3d Cir. 2010), UPS's motion under Rule 60(b) is proper.

2

an extreme or unexpected hardship. UPS instead argues that the Court erred by applying the four-factor test for a stay[2] because that test applies only to stays of injunctions under Rule 62(c) and not stays of money judgments under Rule 62(b). Although UPS cites to cases discussing the difference between stays under Rule 62(b) and 62(c), it does not cite to any cases specifically stating that the four-factor test does not apply to stays under Rule 62(b). In fact, there is precedent for applying the four-factor test in the case of a stay under Rule 62(b). *See, e.g.,Twp. of Tinicum v. City of Phila.*, No. 09-2872, 2010 WL 4628700, at *4 (E.D. Pa. Nov. 12, 2010); *Johnston v. Sch. Dist. of Phila.*, No. 04-4948, 2006 WL 563003, at *1 (E.D. Pa. Mar. 7, 2006); *Combustion Sys. Servs., Inc. v. Schuylkill Energy Res., Inc.*, 153 F.R.D. 73, 74 (E.D. Pa. 1994). Thus, there was no clear error in applying the four-factor test to decide UPS's motion for a stay. UPS also argues that relief from the order denying the stay is appropriate because under Rule 62(d), it would automatically be entitled to a stay if it filed an appeal and posted a bond. *See* Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond."). But in this case, UPS has not yet filed an appeal, and thus it is not entitled to a stay under Rule 62(d). The rule does not contain any provisions for issuing a stay based on the "inevitability" of an appeal. And UPS has not asserted any legal basis for issuing a stay on grounds of inevitability. Because UPS did not meet the properly applicable four-factor test for a stay and has shown no extraordinary circumstances meriting relief pursuant to Rule 60(b), its motion will be denied.

---

[2] The factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009).

## IV. Conclusion

For the reasons stated above, UPS's motion for relief from an order pursuant to Rule 60(b) will be denied.  An appropriate order follows.

 June 5, 2012                                                                        /s/ A. Richard Caputo
Date                                                                                        A. Richard Caputo
                                                                                                United States District Judge